UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION

DEBRA WAKELEY, on behalf of
herself and all others
similarly situated,

      Plaintiff,

v.                                   Case No: 2:13-cv-469-FtM-29DNF

USEPPA INN AND DOCK COMPANY,
LTD. and GARFIELD BECKSTEAD,
individually,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Defendant's Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. #12) filed on September 30, 2013. Plaintiff filed a Response (Doc. #15) on October 14, 2013. For the reasons stated below, the motion is denied.

## I.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief

above the speculative level." Id. at 555.  See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.

## II.

On June 21, 2013, plaintiff Debra Wakeley (Plaintiff or Wakeley) filed a Class and Collective Action Complaint (Doc. # 1) (Complaint) against defendants Useppa Inn and Dock Company, Ltd.

2

(Defendant or Useppa) and Garfield R. Beckstead (Beckstead), on her behalf and on behalf of those similarly situated, for minimum wage and overtime compensation relief pursuant to the Fair Labor Standards Act (FLSA) and Fla. Const. Art. X § 24.  On April 21, 2014, Wakeley's claims against Beckstead were dismissed without prejudice for failure to prosecute.  (Docs. ## 24, 26.)

In the Complaint, Wakeley alleges that she and those similarly situated were non-exempt laborer employees at Defendant's resort located on Useppa Island; that she and those similarly situated were paid an hourly rate and not exempt from overtime; that both Useppa and its employees were engaged in interstate commerce within the meaning of the FLSA; that, in violation of the FLSA and Fla. Const. Art. X. § 24, Useppa willfully refused to compensate Wakeley and those similarly situated for hours spent traveling by boat to Useppa Island to work; and that Useppa failed to keep accurate time and pay records.  (Doc. # 1.)

### III.

Defendant contends that the Complaint should be dismissed for failing to state a claim upon which relief can be granted because the FLSA does not require employers to compensate employees for time spent travelling to and from their place of employment, and that Wakeley has not alleged facts sufficient to state an FLSA claim.  (Doc. # 12.)  Plaintiff responds that she has adequately pled causes of action under the FLSA and Fla. Const. Art. X § 24. (Doc. # 15.)  Defendant's Motion does not address Plaintiff's claim

3

under Fla. Const. Art. § 24, so the Court will address only whether Plaintiff has adequately alleged her FLSA causes of action.

"Congress enacted the FLSA in 1938 to guarantee either regular or overtime compensation for all actual work or employment." Dade Cnty., Fla. v. Alvarez, 124 F.3d 1380, 1384 (11th Cir. 1997) (internal quotation omitted). "By not providing a definition of 'work' or 'employment' in the FLSA, Congress left it to the courts to determine which employment-related activities are compensable under the Act." Id. When making those determinations, courts "bear in mind that the FLSA is a remedial statute that should be liberally construed." Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1265 (11th Cir. 2008).

Consequently, "the requirements to state a claim of a FLSA violation are quite straightforward." Sec'y of Labor v. Labbe, 319 F. App'x 761, 763 (11th Cir. 2008). To state a claim under the FLSA for unpaid wages, an employee must allege (1) an employment relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages. Morgan, 551 F.3d at 1277 n.68; Sec'y of Labor v. Labbe, 319 F. App'x 761, 763 (11th Cir. 2008); Vestey v. Publix Super Markets, Inc., No. 13-CV-2281, 2013 WL 5929061, at *2 (M.D. Fla. Nov. 1, 2013).

Wakeley has met this burden. The Complaint alleges that Wakeley and those similarly situated were employed by Defendant as non-exempt laborer employees within the meaning of the FLSA; that

4

Defendant, Wakeley, and those similarly situated to Wakeley were engaged in interstate commerce; and that Useppa failed to pay both overtime compensation and minimum wages for time spent traveling to Useppa Island. (Doc. # 1.) The fact that Wakeley's allegations are premised upon travel time does not warrant dismissal, as FLSA claims for unpaid travel time are not categorically barred. <u>IBP, Inc. v. Alvarez</u>, 546 U.S. 21, 37 (2005) ("integral and indispensable" travel is a compensable "principal activity" under the FLSA); <u>Bonilla v. Baker Concrete Const., Inc.</u>, 487 F.3d 1340, 1342 (11th Cir. 2007) (same). Therefore, accepting Wakeley's well pleaded facts as true and construing the Complaint in the light most favorable to Wakeley, the Court concludes that Wakeley has adequately alleged a claim under the FLSA.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. #12) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __7th__ day of May, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

5