UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBRA WAKELEY, on behalf of herself
and all others similarly situated

     Plaintiff,

v.                            Case No:   2:13-cv-469-FtM-29DNF

USEPPA INN AND DOCK COMPANY,
LTD. and GARFIELD BECKSTEAD,

     Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

     This cause is before the Court on the parties' Joint Motion for Approval of FLSA Settlement and for Dismissal With Prejudice (Doc. 44) filed on December 3, 2014, and the Memorandum of Settlement (Doc. 44-1). The Plaintiff, Debra Wakely and Opt-In Plaintiff, Carmen Driscoll (collectively "Plaintiffs") and the Defendant, Useppa Inn and Dock Company, LTD are requesting that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.[1]

     To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The

_____

1   The Defendant, Garfield R. Beckstead was dismissed without prejudice.   (See, Docs. 24, and 26).

second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*.   When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable.   *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.   The employees are likely to be represented by an attorney who can protect their rights under the statute.   Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.   If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiffs assert that they worked for the Defendant and did not receive full compensation for the hours worked.   There are *bona fide* disputes as to whether the FLSA applies to the hours the Plaintiffs claim were not compensated.   This action has been litigated for almost 18 months and the Plaintiffs did file a Motion to Conditionally Certify FLSA Collective Action (Doc. 36). The parties engaged in settlement negotiations and assert that they have reached a reasonable compromise of all of the disputed issues.   The total amount of the settlement is $20,864.00.   The Plaintiff, Debra Wakeley will receive $2,500.00 for wages and $2,500.00 for liquidated damages; and the Opt-in Plaintiff, Carmen Driscoll will receive $2,500.00 for wages and $2,500.00 for liquidated damages. The Court determines that the terms of the settlement are reasonable as to back wages and liquidated damages.

The Defendant agrees to pay $10,000.00 in attorney fees and $864.00 in costs.   The amount of attorneys' fees was negotiated separately from the Plaintiffs' recovery and did not affect the amount of Plaintiffs' recovery. Pursuant to *Bonetti v. Embarq Management Company*, 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.   If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." Judge Presnell concluded that

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*. In the instant case, the settlement was reached, and the attorneys' fees were agreed upon separately and without regard to the amount paid to the Plaintiffs.   The amount of costs appears reasonable as well. The Memorandum of Settlement (Doc. 44-1) appears reasonable on its face.

**IT IS RESPECTFULLY RECOMMEDED:**

1) That the Joint Motion for Approval of FLSA Settlement and for Dismissal With Prejudice (Doc.44) be **GRANTED** and the Memorandum of Settlement (Doc. 44-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.

2) The Court further recommends that if the District Court adopts this Report and Recommendation, and the Clerk be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on December 8, 2014.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties